## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BETTY MAE HANZEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:05CV435 |
| | ) | |
| LIFE CARE CENTERS OF AMERICA, INC., | ) | ORDER |
| a Tennessee corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court on plaintiff's 24-page Motion to Compel Discovery [63], which is accompanied by a 55-page brief [64] and over 800 pages of evidentiary materials [65]. Significantly, there is no showing that plaintiff has complied with the requirements of NECivR 7.1(i) which provides:

> **(i) Discovery Motions.** To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord. This showing shall also recite the date, time, and place of such communications and the names of all persons participating in them. As used in this rule, "counsel" includes parties who are acting pro se.
>
> > **(1) "Personal Consultation" Defined.** "Personal consultation" shall include person-to-person conversation, either in the physical presence of each counsel or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails between or among counsel may also constitute personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the non-moving party.

Plaintiff's assertion that "[e]fforts were made to resolve this dispute, without success," found on Page 22 of the Motion, does not satisfy this requirement.

I suspect that many, and possibly most, of the defendants' objections to the various discovery requests are meritorious. In their responsive brief [70], defendants also advise that plaintiff has refused to agree to the entry of a protective order governing the dissemination of personnel records, non-parties' medical records, and other confidential or proprietary information.

I decline to consider the merits of plaintiff's motion because plaintiff's attorney has made no showing that after personal consultation with opposing counsel and *sincere* attempts to resolve differences, they were unable to reach an accord. Considering plaintiff's failure to comply with NECivR 7.1(i), I find that the defendants should be awarded their costs and attorney's fees incurred in responding to a motion of this magnitude, unless plaintiff can show that the circumstances of this incident would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(4)(B).

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel [64] is denied in its entirety for plaintiff's failure to comply with NECivR 7.1(i).

2. Plaintiff shall, no later than **October 16, 2006**, electronically file a Response to this order, showing cause why the defendants should not be awarded reasonable costs and attorney's fees incurred in defending this motion to compel.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECivR 72.2(d).

**DATED September 20, 2006.**

               **BY THE COURT:**

               **s/ F.A. Gossett**
               **United States Magistrate Judge**